Filed 10/29/24

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100856 |
| Plaintiff and Respondent, | (Super. Ct. No. 97F03702) |
| v. | |
| ANDRES SERRANO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Bunmi O. Awoniyi, Judge. Dismissed.

Francine R. Tone, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, and Erin Doering, Deputy Attorney General, for Plaintiff and Respondent.

1

Defendant Andres Serrano[1] seeks to appeal from an order denying a stand-alone postjudgment motion for discovery related to potential violations of the California Racial Justice Act (Act).  (Pen. Code,[2] § 745, subd. (d).)  At issue is whether the trial court's order is appealable.  Although the trial court denied defendant's motion on the merits, we must first address the threshold question of whether the trial court had jurisdiction to consider the motion in the first instance.  We conclude that it did, and that the Act permits a defendant to file a stand-alone postjudgment discovery motion *before* filing a habeas corpus petition, like defendant did in the trial court.  In so holding, we agree with the holding of our colleagues in Division One of the Fourth Appellate District in *In re Montgomery* (2024) 104 Cal.App.5th 1062, 1071-1072, petition for review pending, petition filed October 11, 2024, S287339 (*Montgomery*), that an order denying a postjudgment discovery motion under the Act is not appealable, while disagreeing with their conclusion that the trial court lacks authority to entertain the motion.  The Act's plain language permits discovery, and in doing so, it does not differentiate between preconviction and postconviction proceedings.  As we shall explain, the Act's language contemplates that discovery has occurred before a defendant files a petition for writ of habeas corpus.  We find support for our holding in our Supreme Court's interpretation of section 1054.9 as allowing discovery prior to filing a habeas corpus petition and for review of a discovery order in mandate rather than by appeal.  (See *In re Steele* (2004) 32 Cal.4th 682, 688 (*Steele*).)  Accordingly, we dismiss the appeal.

---

[1]     While defendant's name also appears in the record as "Andres M. Serrano" and "Andres Mosqueda Serrano," we use defendant's name as it appears on the notice of appeal and the order appealed.

[2]     Undesignated statutory references are to the Penal Code.

FACTUAL AND PROCEDURAL BACKGROUND

In 1998, a jury found defendant guilty of assault with a deadly weapon and found he had two prior serious felony convictions. Defendant admitted having served a prior prison term within the meaning of section 667.5, subdivision (b). The trial court initially sentenced defendant to 25 years to life in prison, plus 11 years for the enhancements. In December 2023, the trial court resentenced defendant to 25 years to life.

In January 2024, defendant filed a "Motion for Discovery Pursuant to the Racial Justice Act" in the trial court, seeking information and statistics to support a claim that the Sacramento County District Attorney's Office " 'engages in racially disparate charging' " in violation of section 745, subdivision (a)(3). Defendant did not file the motion as part of, or in connection with, a petition for writ of habeas corpus or any other pending proceeding. The trial court did not evaluate whether it had jurisdiction to consider the motion. Rather, the trial court explained that "[u]nder section 745, subdivision (d), a defendant may file a motion requesting disclosure to the defense of all evidence relevant to a potential violation of section 745, subdivision (a), in the possession or control of the state." The court denied the motion, finding that defendant "failed to advance a plausible factual foundation, based on specific facts, that a violation of section 745 could or might have occurred." Defendant filed a timely notice of appeal. Defendant also filed, in propria persona, a separate petition for writ of mandate challenging the same order. (*Serrano v. Superior Court*, filed Aug. 16, 2024, C101836.)[3]

While this appeal was pending, the Fourth Appellate District, Division One, issued its decision in *Montgomery*, holding that an order denying a motion for discovery under the Act is not appealable. (*Montgomery*, *supra*, 104 Cal.App.5th at p. 1066.)

---

[3]     We deny defendant's request to consolidate defendant's petition for writ of mandate with this appeal.

After counsel was appointed for defendant, we asked the parties to address whether the trial court's order is appealable, as well as *Montgomery*, *supra*, 104 Cal.App.5th 1062.

DISCUSSION

Effective January 1, 2021, the Act was "codified in a scheme of interrelated statutes in the Penal Code (§§ 745, 1473, subd. (f),[4] 1473.7, subd. (a)(3))." (*Young v. Superior Court* (2022) 79 Cal.App.5th 138, 147 (*Young*).) Section 745, subdivision (a) prohibits the state from "seek[ing] or obtain[ing] a criminal conviction or seek[ing], obtain[ing], or impos[ing] a sentence on the basis of race, ethnicity, or national origin." As part of the Act, the Legislature empowered a defendant to "file a motion requesting disclosure to the defense of all evidence relevant to a *potential violation* of subdivision (a) in the *possession or control of the state*. . . . Upon a showing of good cause, the court shall order the records to be released." (§ 745, subd. (d), italics added.)

To our knowledge, *Montgomery* is the first published opinion to address whether an order denying a request for postconviction discovery under the Act is appealable. (*Montgomery*, *supra*, 104 Cal.App.5th at p. 1066.) That case arose in a slightly different procedural context than this case because the defendant in that case sought postconviction discovery in connection with "habeas [corpus] claims." (*Ibid.*) The trial court denied defendant's "freestanding" discovery motion for lack of jurisdiction after concluding the defendant had failed to state a prima facie case for relief on his habeas corpus claims. (*Id.* at p. 1067.) The majority concluded the Act "only authorizes discovery in a pending proceeding in which the defendant has [sufficiently] alleged a violation of section 745, subdivision (a)," in other words, *after* a trial court issues an order to show cause in habeas

---

**4** Section 1473, subdivision (f) has since been renumbered subdivision (e), but section 745 continues to refer to section 1473, subdivision (f). (See Stats. 2023, ch. 381, § 1.)

corpus proceedings.  (*Montgomery*, at p. 1071.)  After concluding the trial court lacked jurisdiction to grant the motion where it was not filed in connection with a pending proceeding, the court concluded the order was not appealable because it did not affect the substantial rights of the defendant.  (*Id.* at p. 1072.)  In a concurring opinion, Justice Kelety concluded the Act permits a defendant to seek discovery in conjunction with the *filing* of a habeas corpus petition, but that an order denying such a motion is likewise not appealable, and that the defendant's remedy was either by a writ of mandate or a new petition for writ of habeas corpus in the Court of Appeal.  (*Montgomery*, at pp. 1073-1076 (conc. opn. Kelety, J.).)

I

*The Act Authorizes Individuals To File Stand-alone Postconviction Discovery Motions*

Defendant contends the Act authorizes a defendant to file a stand-alone postjudgment motion for disclosure of Act discovery to gather evidence of potential racial or ethnic bias.  In response, the People argue the Act "does not authorize freestanding discovery requests" and maintain that a defendant may file a habeas corpus petition or motion to vacate a conviction, and file a discovery motion "[a]s part of these proceedings."  We agree with defendant.

Whether the Legislature intended to allow a defendant to file a stand-alone or freestanding postjudgment discovery motion depends on whether the "Legislature has expressly authorized such a motion," which is a matter of statutory construction.  (See, e.g., *People v. Picklesimer* (2010) 48 Cal.4th 330, 337-338 & fn. 2 ["exceptions to the rule precluding postjudgment motions . . . generally arise in instances where the Legislature has expressly authorized such a motion"].)

"We review de novo questions of statutory construction."  (*People v. Blackburn* (2015) 61 Cal.4th 1113, 1123.)  " 'It is well settled that the proper goal of statutory construction "is to ascertain and effectuate legislative intent, giving the words of the statute their usual and ordinary meaning.  When the statutory language is clear, we need

5

go no further." ' [Citation.] We consider the language in the context of the entire statute and the statutory scheme of which it is a part [citation], harmonizing provisions relating to the same subject matter, to the extent possible." (*Satele v. Superior Court* (2019) 7 Cal.5th 852, 858-859.)

"Uncodified legislative findings may also be consulted. While legislative findings ' " ' "do not confer power, determine rights, or enlarge the scope" ' " ' of the Act itself as codified, they ' " ' "properly may be utilized as an aid in construing" [a statute].' " ' [Citation.] [¶] Because uncodified findings of legislative intent are voted upon by the entire legislative body, enrolled and signed by the Governor, they may be entitled to somewhat greater weight than traditional legislative history materials (e.g., draft language of bills, committee reports, bill analyses)." (*Young*, *supra*, 79 Cal.App.5th at pp. 156-157.)

The Legislature enacted the Act to "eliminate racial bias from California's criminal justice system." (Stats. 2020, ch. 317, § 2(i).) The Legislature explained that "[i]t is the further intent of the Legislature to provide remedies that will eliminate racially discriminatory practices in the criminal justice system, in addition to intentional discrimination. It is the further intent of the Legislature to ensure that *individuals have access to all relevant evidence*, including statistical evidence, *regarding potential discrimination* in seeking or obtaining convictions or imposing sentences." (Stats. 2020, ch. 317, § 2(j), italics added.)

Section 745, subdivision (j)(1) provides that section 745 applies to "all cases in which judgment is not final." As amended, section 745, subdivision (j)(2) through (5) specifies dates, beginning January 1, 2023, from which section 745 will apply to various

6

classes of defendants seeking relief by a petition for writ of habeas corpus or by a motion to vacate a conviction or sentence. (Stats. 2022, ch. 739, § 2.)[5]

In defendant's view, "section 745, subdivision (d) creates a freestanding disclosure/discovery mechanism for all [Act] claimants" that "is not merely collateral to another proceeding." The People disagree and argue the trial court lacks jurisdiction to consider a freestanding discovery request.

Although the People do not explain why the Act does not authorize freestanding discovery, presumably it is because trial courts generally " '[lack authority] to entertain a postjudgment discovery motion [that] is unrelated to any proceeding then pending before that court.' " (*People v. Gonzalez* (1990) 51 Cal.3d 1179, 1257.) This rule exists because " 'a discovery motion is not an independent right or remedy. It is ancillary to an ongoing action or proceeding. After the judgment has become final, there is nothing pending in the trial court to which a discovery motion may attach.' " (*Ibid*.) "A trial court does not regain jurisdiction over a criminal judgment through habeas corpus until the court issues an order finding that a habeas corpus petition has set forth a prima facie case for relief." (*People v. Esquivias* (2024) 103 Cal.App.5th 969, 976, review granted Oct. 2, 2024, S286371, citing *In re Serrano* (1995) 10 Cal.App.4th 447, 455.) Thus, discovery ancillary to habeas corpus proceedings is available only after a court issues an order to show cause. (See *In re Scott* (2003) 29 Cal.4th 783, 813-814; *Gonzalez*, at pp. 1257, 1261; *Board of Prison Terms v. Superior Court* (2005) 130 Cal.App.4th 1212, 1241-1242.)

---

[5] Effective January 1, 2025, section 745 will additionally apply to habeas corpus petitions raising Act claims, and motions to vacate a conviction or sentence, "in which judgment became final for a felony conviction or juvenile disposition that resulted in a commitment to the Division of Juvenile Justice on or after January 1, 2015." (§ 745, subd. (j)(4).)

7

By its plain terms, section 745, subdivision (d) provides a mechanism for defendants to obtain discovery in support of any "potential violation" of the Act. Although the statute is not explicit about the scope of its application, the plain language of subdivision (d) does not limit the availability of discovery to pretrial proceedings and habeas corpus proceedings. And section 745 contains provisions that allow for relief under the Act in both the preconviction and postconviction context. (§ 745, subd. (j)(1)-(5).) The only provisions that are expressly limited to postconviction habeas corpus relief are contained in section 745, subdivision (j), which limits when a petition may be filed, and subdivision (k), which limits relief for certain violations if the "state proves beyond a reasonable doubt that the violation did not contribute to the judgment." "[T]he Legislature has expressed its intention to allow defendants to obtain discovery of evidence in the possession or control of the state that is plausibly relevant to a *potential violation*" of the Act "regardless of the finality of the underlying conviction or the mechanism the defendant uses to assert their [Act] claim." (*Montgomery*, *supra*, 104 Cal.App.5th at p. 1073 (conc. opn. of Kelety, J.), italics added.)

Moreover, while section 745, subdivision (j) cross-references section 1473 (relating to petitions for writs of habeas corpus), section 745, subdivision (d) contains no such reference, which suggests that the Legislature did not want discovery under the Act tethered to a habeas corpus petition. To that end, section 745, subdivision (d) specifically contemplates the filing of a "motion," and not a petition for writ of habeas corpus *with* a request for discovery.[6]

The language in section 1473 likewise supports our conclusion. Section 1473, subdivision (e) provides, in relevant part, "Notwithstanding any other law, a writ of

---

[6] We are aware that the current version of the Judicial Council habeas corpus form embeds the request for disclosure with the filing of a petition for writ of habeas corpus. (Judicial Council Forms, form HC-001, § 18(f).)

habeas corpus may also be prosecuted after judgment has been entered based on evidence that a criminal conviction or sentence was sought, obtained, or imposed in violation of subdivision (a) of [s]ection 745, if that section applies based on the date of judgment as provided in subdivision (k) of [s]ection 745.  A petition raising a claim of this nature for the first time, or *on the basis of new discovery provided by the state* or other new evidence that could not have been previously known by the petitioner with due diligence, shall not be deemed a successive or abusive petition.  If the petitioner has a habeas corpus petition pending in state court, but it has not yet been decided, *the petitioner may amend the existing petition with a claim that the petitioner's conviction or sentence was sought, obtained, or imposed in violation of subdivision (a) of* [s]*ection 745. . . .*  The court shall review a petition raising a claim pursuant to [s]ection 745 and shall determine if the petitioner has made a prima facie showing of entitlement to relief.  If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause why relief shall not be granted and hold an evidentiary hearing, unless the state declines to show cause." (Italics added.)

Inclusion of the complementary phrases "in the possession or control of the state" in section 745, subdivision (d) and "provided by the state" in section 1473, subdivision (e) suggests that the Legislature intended to allow a defendant to obtain discovery from the state before filing a habeas corpus petition under the Act.  "Requiring a defendant who files a writ of habeas corpus to meet the prima facie burden *before* considering a related request for discovery inverses that relationship and places a notably higher burden on defendants pursuing relief through the habeas corpus process." (*Montgomery*, *supra*, 104 Cal.App.5th at p. 1075 (conc. opn. Kelety, J.).)

While section 1473, subdivision (e) indeed permits a defendant to amend an existing habeas corpus petition to include an Act claim, the statutory language suggests this amendment be made *before* the court determines if the defendant has made a prima facie showing of entitlement to relief.  An interpretation of section 745, subdivision (d)

9

that would require a defendant to await issuance of an order to show cause in pending habeas corpus proceedings before being able to seek discovery, would require the defendant to amend the petition after obtaining discovery, and the court to twice determine if the defendant has set forth a prima facie case in the same proceeding.

We give considerable weight to the Legislature's stated intent "to ensure that individuals have access to all relevant evidence, including statistical evidence, regarding potential discrimination in seeking or obtaining convictions or imposing sentences." (Stats. 2020, ch. 317, § 2(j).) To only allow for discovery after a trial court issues an order to show cause, as the majority in *Montgomery* concluded, would place defendants in the Catch-22 circumstance of having to establish a violation *before* being allowed to seek discovery of a "*potential* violation." (§ 745, subd. (d), italics added; see *Montgomery*, *supra*, 104 Cal.App.5th at p. 1071; *Young*, *supra*, 79 Cal.App.5th at p. 143 [discussing discovery of a "potential violation" of § 745, subd. (a) in a pretrial context].) Nothing in the statute indicates the Legislature intended to place a more onerous burden on defendants whose convictions are final and potentially more vulnerable to the very problems the Act aims to remedy.

In our view, to read section 745, subdivision (d) as permitting a defendant to seek discovery in conjunction with the filing of a habeas corpus petition, as the concurrence in *Montgomery* held, also does not go far enough. (*Montgomery*, *supra*, 104 Cal.App.5th at pp. 1073-1076 (conc. opn. Kelety, J.).) Absent a statutory right to seek discovery before seeking habeas corpus relief, a defendant would be forced to file a "shell" petition that seeks discovery while conceding that the defendant cannot make a prima facie showing. This runs afoul of standard habeas corpus procedure, as noted above, that makes discovery available only after the trial court issues an order to show cause, i.e., after the court has determined the defendant has stated a prima facie case. (See *In re Scott*, *supra*, 29 Cal.4th at pp. 813-814; *People v. Gonzalez*, *supra*, 51 Cal.3d at p. 1261; *Board of Prison Terms v. Superior Court*, *supra*, 130 Cal.App.4th at pp. 1241-1242; see also

10

§ 1484.)  Section 1473, subdivision (c), which states, "This section does not change the existing procedures for habeas [corpus] relief," further bolsters our conclusion that defendants must be able to obtain discovery to support an Act claim *before* they attempt to file a petition that states a prima facie case that would warrant issuance of an order to show cause.  Were a court to allow for discovery in a pending habeas corpus petition *prior to the issuance* of an order to show cause, it would fundamentally change the procedures that apply in such a proceeding.

Moreover, the Act itself codifies *different* standards for what constitutes a prima facie case and an adequate showing for discovery.  The Act specifically defines " '[p]rima facie showing' " to mean "the defendant produces facts that, if true, establish that there is a substantial likelihood that a violation of [section 745,] subdivision (a) occurred.  For purposes of this section, a 'substantial likelihood' requires more than a mere possibility, but less than a standard of more likely than not."  (§ 745, subd. (h)(2).)  On the other hand, discovery is compelled upon a showing of "good cause."  (§ 745, subd. (d); see *Young*, *supra*, 79 Cal.App.5th at pp. 148, 156, 160.)  An interpretation of the Act that does not allow for discovery to facilitate the defendant making the requisite prima facie showing would subvert both habeas corpus procedure and the Act.

Our conclusion is consistent with our Supreme Court's decision in *Steele*, which addressed section 1054.9 and its allowance for postconviction discovery before a defendant files a habeas corpus petition.  (*Steele*, *supra*, 32 Cal.4th at pp. 690-691.)  The majority in *Montgomery* neither acknowledges nor discusses the import of this decision.  Section 1054.9 currently enables defendants "convicted of a serious felony or a violent felony resulting in a sentence of 15 years or more," to seek postconviction discovery in preparation for filing a "postconviction writ of habeas corpus or a motion to vacate a judgment."  (§ 1054.9, subd. (a).)  When our Supreme Court addressed whether section 1054.9 permitted a defendant to obtain discovery *before* filing a petition for writ of habeas corpus, the plain language of section 1054.9 only allowed for discovery " '[u]pon

11

the prosecution of a postconviction writ of habeas corpus or a motion to vacate judgment.' "[7] (*Steele*, *supra*, 32 Cal.4th at p. 690, quoting former § 1054.9, subd. (a); see Stats. 2002, ch. 1105, § 1.) The court rejected an interpretation of the word " 'prosecution' " that assumed a habeas corpus petition was "pending," and instead interpreted the language "flexibly to include cases in which the movant is *preparing* [a] petition" and held the statute must be "[r]easonably construed" to permit "discovery as an aid in preparing the petition" before making the requisite prima facie showing to necessitate issuance of an order to show cause. (*Steele*, at pp. 690-691.) The court reasoned the only way to interpret section 1054.9 and conform with habeas corpus procedure that "makes sense is to permit defendants to seek discovery *before* they file the petition, i.e., before they must state a prima facie case." (*Steele*, at p. 691.)

Likewise, the "only way" Penal Code section 745, subdivision (d) can be harmonized in the context of postconviction habeas corpus relief "is to permit defendants to seek [Act] discovery *before* they file [a habeas corpus] petition." (*Steele*, *supra*, 32 Cal.4th at p. 691.) Such a reading is also consistent with the court's inherent power to order discovery of a "potential violation." (Pen. Code, § 745, subd. (d); see *People v. Superior Court* (*Morales*) (2017) 2 Cal.5th 523, 534 ["because the [trial] court has jurisdiction under Penal Code section 1054.9 to grant postconviction discovery to the extent consistent with the statute, the court has the inherent power under Code of Civil Procedure section 187 to order preservation of evidence that would potentially be subject to such discovery"].)

Given the stated goal of "eliminat[ing] racial bias from California's criminal justice system" (Stats. 2020, ch. 317, § 2(i)), we see no reason that defendants whose

---

**7** Section 1054.9 has since been amended to expressly allow a defendant reasonable access to discovery materials "in preparation to file" a habeas corpus petition or motion to vacate the judgment. (§ 1054.9, subd. (a); see Stats. 2018, ch. 482, § 2.)

12

convictions are final and wish to seek relief in habeas corpus should have to make a prima facie showing for relief under section 745, subdivision (a) before they may seek discovery. Moreover, the Legislature has stated its "intent . . . to apply the California Racial Justice Act of 2020 retroactively, to ensure equal access to justice for all." (Stats. 2022, ch. 739, § 1.) To only permit defendants convicted of serious or violent felonies serving lengthy sentences to seek postconviction discovery *before* filing a habeas corpus petition (§ 1054.9, subd. (a)), runs counter to the Legislature's stated intent of "ensur[ing] equal access to justice for all" (Stats. 2022, ch. 739, § 1).

We are not persuaded by the majority's opinion in *Montgomery*, that "[t]he Legislature did not create an exception to the general rule for discovery motions filed under the [Act]." (*Montgomery*, *supra*, 104 Cal.App.5th at p. 1069.) The majority reasoned that the Act "manifests no intent to depart from the general rule that 'a discovery motion is not an independent right or remedy but rather is ancillary to an ongoing action or proceeding.' " (*Montgomery*, at pp. 1070-1071.) The majority noted the "absence from the [Act] of language similar to that of section 1054.9 authorizing discovery outside a pending proceeding is another indication the Act does not authorize such discovery." (*Montgomery*, at p. 1071, fn. 1.) The court thus held, "[T]he [Act] does not authorize a freestanding motion for discovery; it only authorizes discovery in a *pending proceeding* in which the defendant *has alleged a violation* of section 745, subdivision (a)." (*Montgomery*, at p. 1071, italics added.)

As noted above, the majority opinion in *Montgomery* did not discuss *Steele*. While the majority included a footnote referencing section 1054.9, it failed to specifically acknowledge that the current language of section 1054.9, subdivision (a), which includes the phrase "in preparation to file" a habeas corpus petition, was not previously found in its statutory language. (Compare Stats. 2002, ch. 1105, § 1 with Stats. 2018, ch. 482, § 2; see also *Montgomery*, *supra*, 104 Cal.App.5th at p. 1071, fn. 1 [discussing § 1054.9].) The language our Supreme Court addressed that referred to permitting discovery only

13

" '[u]pon the prosecution' " of a habeas corpus petition might reasonably have been interpreted in a manner similar to how the *Montgomery* majority interpreted the Act, i.e., so as not to authorize discovery independent and in advance of the filing of a habeas corpus petition. (*Steele*, *supra*, 32 Cal.4th at pp. 690-691; see *Montgomery*, at p. 1071.) But, as we have explained, our Supreme Court instead interpreted section 1054.9 to allow for freestanding discovery. (*Steele*, at p. 691.) This conclusion was reached after reconciling ambiguous statutory language with habeas corpus procedure and the purposes underlying the postconviction discovery statute at issue. (*Ibid*.) There is no magic language the Legislature must use. (See *Montgomery*, at p. 1075 (conc. opn. of Kelety, J.) [rejecting the majority's conclusion that the Legislature had to use " 'in preparation to file' language . . . to establish a defendant's ability to obtain discovery aimed at setting forth a prima facie showing of an [Act] violation"].)

According, we conclude eligible defendants may seek postjudgment discovery under section 745, subdivision (d) in anticipation of filing a habeas corpus petition.

II

*An Order Denying A Postjudgment Act Discovery Motion Is Not An Appealable Order*

Defendant argues the order denying discovery under the Act is appealable pursuant to section 1237, subdivision (b) as a postjudgment order " 'affecting the substantial rights of the party.' " He reasons that "[t]he purpose of the [Act], including the disclosure process, directly affects [his] substantial rights to undergo judicial proceedings free of explicit or implicit bias." In response, the People argue that because there was no pending proceeding in the trial court, the trial court lacked jurisdiction to consider defendant's motion, and as such, the denial does not affect defendant's substantial rights. We agree the order is not appealable, but not for the reasons the People urge.

" ' "[T]he right of appeal is statutory and . . . a judgment or order is not appealable unless expressly made so by statute." ' " (*Teal v. Superior Court* (2014) 60 Cal.4th 595,

14

598.)  Defendant's appeal is cognizable only if the denial of his discovery request is an order after judgment affecting his substantial rights.  (§ 1237, subd. (b).)

By analogy, in *Steele*, our Supreme Court held either party may challenge a ruling on a postjudgment discovery motion pursuant to section 1054.9 by a petition for writ of mandate in the Court of Appeal.  (*Steele*, *supra*, 32 Cal.4th at p. 688.)  As we have explained, there is no reason to differentiate between the procedure for pursuing postconviction discovery under section 1054.9 and the procedure under the Act pursuant to section 745.  Consequently, there is no reason to conclude that the remedy would be anything other than that specified in *Steele*.  Moreover, our Supreme Court has reasoned that " '[a] habeas corpus matter has long been considered a separate matter from the criminal case itself,' and . . . section 1054.9 discovery is 'part of the prosecution of the habeas corpus matter, not part of the underlying criminal case.' "  (*People v. Superior Court* (*Morales*), *supra*, 2 Cal.5th at pp. 530-531.)  Thus, an appeal from the denial of such discovery is not an order "after judgment" (§ 1237, subd. (b)) in the *criminal* action, but from an interlocutory order in a current or future habeas proceeding.

Like a motion for postconviction discovery under section 1054.9, a postjudgment discovery motion under the Act is merely a precursor to a criminal defendant asserting a claim under the Act, not an end in itself.  Whether or not discovery is disclosed will not directly affect defendant's custody status, conviction, or sentence.  Postjudgment discovery sought under the Act in connection with or in preparation for filing a petition for writ of habeas corpus is likewise an interlocutory order in connection with the anticipated filing of that habeas corpus petition.  Accordingly, this appeal must be dismissed.

## III

### *Implications Of Our Decision*

We are mindful that our opinion today may have an impact on the workload of trial courts, Courts of Appeal, and the offices of the Attorney General and county

prosecutors. Unlike section 1054.9, which limits the availability of discovery to those convicted of serious or violent felonies and requires the defendant to bear the costs of examination and copying (§ 1054.9, subd. (e)), section 745, subdivision (d) is not so limited. Like our colleagues in Division Four of the First Appellate District, we read the Act to remove barriers to discovery, even though our holding today may open the floodgates of litigation (and requests for relevant evidence in the possession or control of the state). (See *Young*, *supra*, 79 Cal.App.5th at pp. 152-153, 163.) As the court in *Young* explained, "The Legislature was focused . . . on creating a discovery-triggering standard that is low enough to *facilitate potentially substantial claims*, even if it came at some cost to prosecutorial time and resources. That is a policy choice the Legislature had the prerogative to make." (*Id.* at p. 163.) For all the reasons discussed, we find the Act compels our conclusion that defendants may seek postjudgment discovery under section 745, subdivision (d) in anticipation of filing a habeas corpus petition. Whether compliance with the Act requires—or whether the Legislature should allocate— additional resources in light of this new burden is beyond the scope of our consideration of the current appeal.

Nevertheless, at least some trial courts are currently addressing the merits of stand-alone postjudgment discovery motions, like the one filed in this case. And, because defendants must still show "good cause" to obtain discovery, we believe the statute's language will serve a gatekeeping function. (See *Young*, *supra*, 79 Cal.App.5th at p. 166 ["whether the allegations underscoring [the defendant's] racial profiling theory are enough to support a plausible justification that a violation of section 745, subdivision (a) could or might have occurred in his [or her] case is an issue for the trial court to assess, exercising its discretion upon an application of the correct legal standard governing good cause"]; see also *Montgomery*, *supra*, 104 Cal.App.5th at p. 1075 (conc. opn. Kelety, J.) ["Nor would an interpretation of section 745, subdivision (d) that allows habeas corpus petitioners to obtain such discovery trigger a right to unlimited discovery"].)

Further, our holding today that review of such orders lies in mandate as our Supreme Court concluded with respect to section 1054.9, allows for expeditious resolution of such matters.  (See *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1250, fn. 10; see also *People v. Kelly* (2006) 40 Cal.4th 106, 109 [Cal. Const., art. VI, § 14 requires that " '[d]ecisions of the Supreme Court and courts of appeal that determine causes shall be in writing with reasons stated' "]); *Omaha Indemnity Co. v. Superior Court* (1989) 209 Cal.App.3d 1266, 1271 ["Only rarely does the court give detailed reasons for its rejection of a petition"].)

DISPOSITION

The appeal is dismissed.


/s/
ROBIE, Acting P. J.



We concur:



/s/
KRAUSE, J.



/s/                                    ,
BOULWARE EURIE, J.

17